Turley, J.
delivered the opinion of the court.
The principal and only important question presented for consideration in this case, is, whether a will of personalty, which has been proven in common form by the executor in the county court, can be declared null and void and set aside by a decree of a court of chancery, upon the alleged ground that it had been obtained by fraud and imposition, and was not therefore a good and valid will; and we are of the opinion *485 that it cannot; that a court of chancery has no jurisdiction of such a question.
Mr. Williams, in his treatise on executors, page 157, says: “It appears to have been a subject of much controversy, whether the probate of wills was originally a matter of exclusive ecclesiastical jurisdiction; but whatever may have been the case in earlier times, it is certain that, at this day, the ecclesiastical court is the only court in -which, except by special prescription, the validity of wills of personalty can be established or disputed. Equity, indeed, considers an executor as trustee for the legatees in respect to the legacies, and in certain cases as trustee for the next of kin, of the undisposed surplus; and as all trusts are the peculiar objects of equitable cognizance, courts of equity will compel the executor to perform this, his testamentary trust, with propriety. Hence, although in these courts, as well as in courts of law, the seal of the ecclesiastical court is conclusive evidence of the factum of a will of personal property, an equitable jurisdiction has arisen of construing the will, in order to enforce a proper performance of the trust of the executor. The courts of equity are sometimes called courts of construction, in contradistinction' to the spiritual, which, although they are also courts of construction, are the only courts of probate.”
The same author, at page 188, of same work, says — “A testament may be proven in two ways; either in common form or by form of law; which latter mode is also called the solemn form, and sometimes proving per testes. A will is proved in common form, when the executor presents it before the Judge, and in absence and without citing the parties interested, produces witnesses to prove the same, who, testifying by their oaths that the testament exhibited is the true, whole, and last will and testament of the deceased, the Judge thereupon, and sometimes with less proof, doth annex his probate and seal thereto.” But, at page 192, the same author' says — “Where a will is to be proven in solemn form, it is requisite that such persons as have interest (that is, the widow and next of kin, to whose administration of his goods ought to be committed, if he died intestate) should be cited to be present at the probation and approbation of the testament, in *486 whose presence the will is to be exhibited to the Judge and petition to be made, by the party who prefers the will, and enacted for the receiving, swearing and examination of witnesses upon the same, and the publishing and confirming thereof; and in case the proof be sufficient, the Judge by his sentence or decree pronounces for the validity of the testament. The difference (continues the author) between the common form and solemn form with respect to citing parties interested, works this diversity of effect, viz: that the executor of a will proved in common form may at any time within thirty years be compelled by a person having interest to prove it per testes in solemn form.”
There being no ecclesiastical courts in North Carolina, the probate of wills, in an early day, was given to the county courts; and when this State was erected out of a portion of the territory of North Carolina, this jurisdiction, for the same reason, was continued in the county courts, which, to this day, have exclusive jurisdiction of the probate of wills and testaments. It is true, that if a controversy arises as to the execution, it is sent to the circuit court for trial; but this in no way ousts the jurisdiction of the county courts — the will must still be presented there for probate, and if established upon an issue devisavitvel non in the circuit court, must be returned for registration and letters testamentary; and a court of chancery in Tennessee has no greater jurisdiction over the subject than has the court of chancery in England.
In the case under consideration, the executor has proved the will in common form in the county court of Madison. The design and object, of the bill is to force the executor to prove it in solemn form in chancery court. This cannot be done for want of jurisdiction in that court; but to have this done, the complainants must cite the executor to appear before the county court for that purpose, which being done, the parties are entitled to their issue upon the will, and to a trial in the circuit court. The effect of this citation is to set aside the probate in common form, and the parties are placed in the same position they would have been had the executor chosen to prove the will in solemn form in the first instance, where the interested persons cited might have had an issue *487 and trial in the circuit court if they had desired. The executor having chosen to prove the will in common form, the complainants, if they wish it proved in solemn form, must proceed against him by citation in the county court; from whence the case will be removed for trial, under statutory provision, to the circuit court.
We have not deemed it necessary to discuss the other propositions asserted, as giving a court of chancery jurisdiction of a particular case, because we are clear that they can upon no principle whatever aid this proceeding.
Let the decree of the Chancellor be affirmed.